CAUSE NO.  201981439

RECEIPT NO.                    0.00      CIV
            *********          TR # 73694470

| | |
|---|---|
| PLAINTIFF: JONES, GUY<br>          vs.<br>DEFENDANT: BOONE, MICHAEL | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TRAVELERS HOME AND MARINE INSURANCE COMPANY BY SERVING ITS REGISTERED
    AGENT CORPORATION SERVICE COMPANY
    211  EAST 7TH STREET SUITE 620   AUSTIN TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>8th day of November, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 8th day of November, 2019, under my hand and
seal of said Court.

Issued at request of:
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CARROLL, JOSHUA DEMIAS
50V//11377145

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____, _

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____ of _____County, Texas

                              By _____
          Affiant                        Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                    Notary Public

N.INT.CITR.P                  *73694470*

EXHIBIT
D

11/8/2019 1:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38351014
By: Joshua Carroll
Filed: 11/8/2019 1:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| GUY JONES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY AND MICHAEL | § | |
| BOONE, | § | |
| | § | |
| Defendants. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Guy Jones, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of The Travelers Home and Marine Insurance Company ("Travelers") and Michael Boone ("Boone") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Guy Jones, resides in Harris County, Texas.

3.    Defendant, The Travelers Home and Marine Insurance Company, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon The Travelers Home and Marine Insurance Company through its registered agent for service:  **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests service at this time.

4.     Defendant Michael Boone is an individual resident of Fort Worth, Texas. Boone may be served with citation at the address listed with the Texas Department of Insurance: **5200 Mallory Drive, Fort Worth, Texas 76117**. Plaintiff requests service at this time.

## JURISDICTION

5.     The Court has jurisdiction over Travelers because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Travelers's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Boone because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.     Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.     Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiff owns an The Travelers Home and Marine Insurance Company homeowner's insurance policy, number 602739743022201 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 8603 Delachase Circle  Spring Texas 77379 ("the Property").

10.    Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers or its
       agent represented to Plaintiff that the Policy included wind and hailstorm coverage for
       damage to Plaintiff's home. Travelers has refused the full extent of that coverage currently
       owed to Plaintiff.

11.    On or about May 8, 2018, the Property sustained extensive damage resulting from a severe
       storm that passed through the Spring, Texas area.

12.    In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Travelers against
       the Policy for damage to the Property. Travelers assigned claim number H9T0167 to
       Plaintiff's claim.

13.    Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14.    Damaged areas of the property include, but not limited to, the roof, vents, flashings, gutters
       and downspouts.

15.    Travelers assigned or hired Michael Boone to adjust the claim.

       a.    Boone had a vested interest in undervaluing the claims assigned to him by Travelers
             in order to maintain his employment. The disparity in the number of damaged items
             in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of
             fraud on the part of Boone. The valuation of damages that were included in Boone's
             report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on
             the part of Boone.

       b.    Furthermore, Boone was aware of Plaintiff's deductible before visiting the Property
             to conduct the inspection. Boone had advanced knowledge of what amount of
             damages he needed to find in order to either deny the claim or find the claim below
             the deductible.

3

    c.  Boone made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

    d.  Boone made further misrepresentations to Plaintiff during his inspection. Boone used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16.    Travelers, through its agents, namely Boone, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    Boone found that there was no damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19.    To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $21,904.53.

20.    Since due demand was made on August 7, 2019, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Travelers failed to provide full coverage due under the Policy.

22.     As a result of Travelers's failure to provide full coverage, along with Travelers's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.     Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Travelers, through its agents, servants, and representatives, namely Boone, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of

5

Plaintiff's losses on the Property.

28.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30.    Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

### BREACH OF CONTRACT

31.    All allegations above are incorporated herein.

32.    Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

33.    Travelers's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

6

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

36. Travelers's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

37. Travelers's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

38. Travelers's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39. Travelers's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

40. Travelers's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

41.   All allegations above are incorporated herein.

42.   Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt
      Payment of Claims.  All violations made under this article are actionable by TEX. INS.
      CODE §542.060.

43.   Travelers's failure to notify Plaintiff in writing of its acceptance or rejection of the full
      claim within the applicable time constraints constitutes a non-prompt payment in violation
      of TEX. INS. CODE §542.056.

44.   Travelers's delay in paying Plaintiff's claim following receipt of all items, statements, and
      forms reasonably requested and required, for longer than the amount of time provided,
      constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.   All allegations above are incorporated herein.

46.   Travelers's conduct constitutes a breach of the common-law duty of good faith and fair
      dealing owed to an insured in insurance contracts.

47.   Travelers's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,
      although, at that time, Travelers knew or should have known by the exercise of reasonable
      diligence that liability was reasonably clear, constitutes a breach of the duty of good faith
      and fair dealing.

### DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

8

49.     Travelers's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

and services provided by Travelers pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Travelers.  Specifically, Travelers's

violations of the DTPA include, without limitation, the following matters:

a.      By its acts, omissions, failures, and conduct, Travelers has violated sections

17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Travelers's violations

include without limitation, (1) unreasonable delays in the investigation, adjustment,

and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the

doubt, and (3) failure to pay for the proper repair of Plaintiff's property when

liability has become reasonably clear, which gives Plaintiff the right to recover

under section 17.46(b)(2).

b.      Travelers represented to Plaintiff that the Policy and Travelers's adjusting, and

investigative services had characteristics or benefits that they did not possess,

which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

c.      Travelers also represented to Plaintiff that the Policy and Travelers's adjusting

services were of a particular standard, quality, or grade when they were of another,

in violation of section 17.46(b)(7) of the DTPA.

d.      Furthermore, Travelers advertised the Policy and adjusting services with the intent

not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

e.      Travelers breached an express warranty that the damages caused by wind and hail

would be covered under the Policy.  This breach entitles Plaintiff to recover under

sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

9

  f.  Travelers's actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

  g.  Travelers's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51. All allegations above are incorporated herein.

52. Travelers is liable to Plaintiff for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Travelers knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. Travelers made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT MICHAEL BOONE

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.   All allegations above are incorporated herein.

56.   Boone's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.   Boone is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Travelers, because Boone is a "person," as defined by TEX. INS. CODE §541.002(2).

58.   Boone knowingly underestimated the amount of damage to the Property. As such, Boone failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, Boone did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   Boone's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   Boone's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

11

## DTPA VIOLATIONS

62.   All allegations above are incorporated herein.

63.   Boone's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods

and services provided by Boone pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Boone. Specifically, Boone's violations

of the DTPA include the following matters:

   a.   By this Defendant's acts, omissions, failures, and conduct, Boone has violated

sections 17.46(b)(2), (5), and (7) of the DTPA.  Boone's violations include, (1)

failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

estimate reflecting the proper repair of Plaintiff's Property when liability has

become reasonably clear, which gives Plaintiff the right to recover under section

17.46(b)(2).

   b.   Boone represented to Plaintiff that the Policy and his adjusting and investigative

services had characteristics or benefits they did not possess, which gives Plaintiff

the right to recover under section 17.46(b)(5) of the DTPA.

   c.   Boone represented to Plaintiff that the Policy and his adjusting services were of a

particular standard, quality, or grade when they were of another, in violation of

section 17.46(b)(7) of the DTPA.

   d.   Boone's actions are unconscionable in that Boone took advantage of Plaintiff's lack

of knowledge, ability, and experience to a grossly unfair degree.   Boone's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of

the DTPA; and

e.    Boone's conduct, acts, omissions, and failures, as described in this petition, are
unfair practices in the business of insurance in violation of section 17.50(a)(4) of
the DTPA.

64.    Each of Boone's above-described acts, omissions, and failures is a producing cause of
Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and
"intentionally" by Boone, as defined by the Texas Deceptive Trade Practices Act.  TEX.
BUS. & COM. CODE 17.45.

### FRAUD

65.    All allegations above are incorporated herein.

66.    Travelers assigned or hired Boone to adjust the claim.

a.    Boone had a vested interest in undervaluing the claims assigned to him by Travelers
in order to maintain his employment. The disparity in the number of damaged items
in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of
fraud on the part of Boone. The valuation of damages that were included in Boone's
report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on
the part of Boone.

b.    Furthermore, Boone was aware of Plaintiff's deductible before even visiting the
Property to conduct the inspection. Boone had advanced knowledge of what
amount of damages he needed to find in order to either deny the claim or find the
claim below the deductible.

c.    Boone made misrepresentations as to the amount of damage Plaintiff's Property
sustained as well as misrepresentations regarding how much it would cost to repair
the damage to Plaintiff's property.

13

d.  Boone made further misrepresentations to Plaintiff during his inspection. Boone used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

## NEGLIGENCE

67.   All allegations above are incorporated herein.

68.   Boone was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.   Failure to conduct a reasonable inspection;

b.   Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.   Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.   Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.   Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69.   Boone's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70.   At all relevant times, Boone was an agent or employee of Defendant Travelers.

71.   Boone's unreasonable inspection was performed within the course and scope of his duties with Defendant Travelers. Therefore, Travelers is also liable for the negligence of Boone through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72.     All allegations above are incorporated herein.

73.     Boone's actions or omissions constitute gross negligence as defined in TEX. CIV. P. &
        REM. CODE § 41.001 (11)(A) and (B):

        a.     Boone's actions, when viewed objectively from the standpoint of the actor at the
               time of their occurrence involves an extreme degree of risk, considering the
               probability and magnitude of potential harm to Plaintiff; and

        b.     Boone had actual, subjective awareness of the risk involved but nevertheless
               proceeded with conscious indifference to the rights, safety, and/or welfare of
               Plaintiffs.

74.     Boone intentionally misrepresented the scope and amount of damages on the estimate
        prepared for Plaintiffs' Property on behalf of Travelers. His estimate was to such an
        extreme degree below what another licensed adjuster would have done in this situation (as
        evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for
        the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed
        to persist unrepaired.

## KNOWLEDGE

75.     Defendants made each of the acts described above, together and singularly, "knowingly,"
        as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's
        damages described herein.

## WAIVER AND ESTOPPEL

76. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77. Since the claim was made, Travelers has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

16

81.     The damage to Plaintiff's Property is currently estimated at $21,904.53.

82.     For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.     For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Travelers owed, and exemplary damages.

85.     Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

17

86.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, The Travelers Home and Marine Insurance Company and

Michael Boone, be cited and served to appear, and that upon trial hereof, Plaintiff, Guy Jones, has

and recovers from Defendants, The Travelers Home and Marine Insurance Company and Michael

Boone, such sums as would reasonably and justly compensate Plaintiff in accordance with the

rules of law and procedure, as to actual, consequential, and treble damages under the Texas

Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and

exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees

for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for

pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiff, Guy Jones, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

19

cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE #307
DALLAS, TEXAS 75240





CERTIFIED MAIL®

7018 2290 0001 2492 9679

US POSTAGE
$07.75⁰
First-Class
Mailed From 75240
11/22/2019
032A 0061855100

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS  78701